**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NARTRON CORPORATION,
a Michigan corporation,

        CASE NO. 05-70323
   Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

TUTHILL CORPORATION,
a Missouri corporation,

   Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 20, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendant Tuthill's Motion to Exclude Plaintiff's Exhibit 71 and Any Documents and/or Testimony in Support of Plaintiff's Exhibit 71.  Plaintiff Nartron has filed an Objection to the timeliness of Defendant's Motion and has also filed a Response.  Defendant Tuthill has replied to Plaintiff's Objection.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendant's Motion to Exclude Plaintiff's Exhibit 71 is GRANTED, in part.

## II. BACKGROUND

Plaintiff Nartron Corporation ("Nartron") is an electrical engineering and manufacturing firm located in Reed City, Michigan and is a tier-two automotive supplier. Defendant Tuthill Transport Technologies ("Tuthill") is a tier-one automotive supplier and is engaged in the design and manufacture of suspension systems for the truck and trailer industry. The present litigation is the result of a contractual dispute between the parties regarding a Long-Term Agreement entered into on April 12, 2000.[1]

The present Complaint was filed on January 28, 2005. The Court issued a scheduling order and the parties conducted discovery and filed Motions for Summary Judgment pursuant to that order. On May 25, 2006, the Court issued an Opinion and Order granting, in part, Plaintiff's partial Motion for Summary Judgment, and granting, in part, Defendant's Motion for Summary Judgment. The Court held a Final Pre-Trial Conference on June 15, 2006, and the Court scheduled jury selection for July 20, 2006 and scheduled trial for July 24, 2006.

Defendant filed the present Motion *in limine* on July 5, 2006. The Court established an expedited briefing schedule in order to resolve the Motion prior to jury selection on July 20, 2006. Plaintiff timely filed its response on July 17, 2006.

### III. ANALYSIS

At issue is the admissibility at trial of Plaintiff's Exhibit 71, which is an invoice prepared by Plaintiff Nartron which seeks payment of $813,502 in tooling fees. Defendant Tuthill objects to the admissibility of this invoice because Nartron produced the invoice for the first time at a deposition

---

[1] For a more detailed explanation of the facts, see the Court's May 25, 2006 Opinion and Order.

in December 2005 and, at that time, Plaintiff admitted that the invoice had only been prepared recently. Defendant asserts that the invoice should not be admitted pursuant to FED. R. EVID. 803(6), which prohibits the admissibility of documents prepared in the course of litigation. Defendant also objects to the admissibility of any other documents which might be introduced in support of this invoice and objects to any testimony which might be offered regarding the tooling fees damages.

By its response, Plaintiff has agreed not to introduce Plaintiff's exhibit 71 as an exhibit at trial and asserts that it has no other documentary evidence to offer on this issue. Accordingly, the only remaining dispute regarding Defendant's Motion *in limine* is whether Plaintiff should be permitted to offer testimony at trial regarding the $813,502 in tooling fees. Plaintiff argues that it should be permitted to introduce the testimony of Nartron employees Norm Rautiola and John Washeleski and that their testimony is the only evidence it has in support of the $813,502 in tooling fees.[2]

The Court agrees with Plaintiff's position, and for the following reasons, will permit Plaintiff to offer testimony at trial regarding the alleged $813,502 in tooling fees damages. Defendant relies on two cases in which the court excluded testimony from trial because the party testifying had failed to produce documentary evidence in support of that testimony. *See Chadick v. Nash*, 151 F.3d 1077 (D.C. Cir. 1998); *see also Norbrook Laboratories, Ltd v. GC Handford Manufacturing Co.*, 297 F. Supp. 2d 463, 481 (N.D.N.Y. 2003). Each of Defendant's cases are easily distinguished. In the present case, and unlike the cases cited by Defendant, no documentary evidence exists in support

---

[2] Plaintiff asserts that no documentary evidence exists in support of the tooling fees because tooling fees are not something that are usually calculated and invoiced under Nartron's contracts. According to Plaintiff, the only reason the fees are being asserted as damages in this case is because Plaintiff asserts that the tooling fees represent reliance damages which were incurred based on Defendant Tuthill's breach of the Long-Term Agreement.

3

of the tooling fees. Accordingly, Defendant's request for Rule 37 sanctions for failure to disclose is inappropriate because Plaintiff has not failed to disclose documentary evidence regarding the tooling fees as Plaintiff readily admits that no such documentary evidence exists. Instead, according to Plaintiff, the only evidence which exists in support of Plaintiff's claim for tooling fees is the testimony of Plaintiff's witnesses. The Court can think of no reason why the jury should not be permitted to hear this testimony.

Additionally, the Court finds the authority cited by Plaintiff on this point to be persuasive. In *Neff v. Kehoe*, 708 F.2d 639 (11th Cir. 1983), the Court ruled that plaintiff coin collector should be permitted to testify regarding the value of his coin collection. "Though such testimony may be self-serving and unsupported by other evidence, it is subject to attack through cross-examination or independent evidence refuting the owner's estimate." *Id.* at 644 (citations omitted). In the present case, and for similar reasons as those stated in *Neff*, the Court believes that even though Plaintiff's testimony may be self-serving and unsupported by other documentary evidence, Plaintiff should nevertheless be permitted to testify regarding the tooling fees. Plaintiff's testimony will, of course, be subject to cross-examination by Defendant, and whether Plaintiff's testimony is believable is ultimately for the jury to decide.

For these reasons, the Court will permit Plaintiff to present testimony regarding the $813,502 it seeks as reliance damages for unrecovered tooling fees.

## IV.  CONCLUSION

For the above reasons, the Court HEREBY GRANTS, in part, Defendant Tuthill's Motion to Exclude Plaintiff's Exhibit 71 and Any Documents and/or Testimony in Support of Plaintiff's Exhibit 71.

IT IS SO ORDERED.

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  July 20, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 20, 2006.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290