UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NARTRON CORPORATION,

           Plaintiff,

CASE NO. 05-70323
HON. LAWRENCE P. ZATKOFF

v.

TUTHILL CORPORATION,
a Missouri corporation,

           Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO ADMIT DEPOSITION TESTIMONY

### I. INTRODUCTION

This matter is before the Court on Defendant's motion to admit deposition testimony of Larry Dalton at trial. Plaintiff has responded to the motion. For the reasons below, Defendant's motion is DENIED.

### II. ANALYSIS

Federal Rule of Evidence 804(b)(1) reads as follows:

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

  (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

A declarant is unavailable for purposes of Rule 804(b)(1) if the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . .

. by process or other reasonable means." Fed. R. Evid. 804(a)(5).

Defendant seeks to have the deposition testimony of Larry Dalton, one of Defendant's former vice presidents, admitted. Defendant points to an e-mail from Mr. Dalton to Defendant's counsel dated July 19, 2006, stating "I won't be attending the trial July 24." Defendant argues that Mr. Dalton is unavailable, and thus his deposition is admissible pursuant to Rule 804(b).

Plaintiff argues that Defendant only made perfunctory efforts to obtain Mr. Dalton's testimony, and thus did not use reasonable means to procure Mr. Dalton's attendance at trial. The Court finds Plaintiff's argument persuasive.

In order to have a deposition admitted pursuant to Rule 804(b), the proponent must show appropriate diligence in attempts to procure the declarant's attendance at trial. *Vineyard v. County of Murray*, 990 F.2d 1207, 1217 (11th Cir. 1993). The only attempt Defendant has identified is a letter dated July 10, 2006, from Defendant's counsel to Mr. Dalton, which reads as follows:

> Dear Mr. Dalton:
> Please be advised that trial in the above-referenced matter is set to commence on Monday, July 24, 2006 . . . Your presence at the trial is hereby requested. Please contact me to confirm your appearance.

In support of its argument that Mr. Dalton is unavailable, Defendant claims that it was aware far earlier that Mr. Dalton was reluctant to appear as a witness in this case. Defendant notes that Mr. Dalton only appeared for his Arizona deposition after a subpoena was issued.

However, these assertions do not help Defendant's argument, rather, they demonstrate that Defendant did not use reasonable means to procure Mr. Dalton's attendance. In the final pretrial order, dated June 16, 2006, Mr. Dalton was listed as a witness for the defense. There was no mention of any potential issues with Mr. Dalton's availability. Then, on July 10, two weeks before trial, Defendant sent Mr. Dalton a letter requesting his attendance. Given

Defendant's prior knowledge that Mr. Dalton was reluctant to become involved in the case, a single letter requesting his attendance, sent two weeks before the start of trial, does not constitute a reasonable means of procuring his attendance.

Because Defendant did not use reasonable means to procure Mr. Dalton's attendance, Defendant's motion to admit the deposition testimony of Mr. Dalton is DENIED.

IT IS SO ORDERED.

                                                 s/Lawrence P. Zatkoff
                                                 LAWRENCE P. ZATKOFF
                                                 UNITED STATES DISTRICT JUDGE

Dated: July 26, 2006

## CERTIFICATE OF SERVICE

     The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 26, 2006.

                                               s/Marie E. Verlinde
                                               Case Manager
                                               (810) 984-3290