## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NARTRON CORPORATION,
a Michigan corporation,

            CASE NO. 05-70323

  Plaintiff,         HON. LAWRENCE P. ZATKOFF

v.

TUTHILL CORPORATION,
a Missouri corporation,

  Defendant.

_____/

## ORDER SUSTAINING DEFENDANT'S OBJECTION TO
## PLAINTIFF'S PROPOSED INTEREST INSTRUCTION

### I.  INTRODUCTION

The above-captioned case is currently at trial before this Court.  The present matter is before the Court on Defendant's Objection to Plaintiff's Proposed Jury Instructions.  Plaintiff has responded.  For the reasons stated below, Defendant's Objection is SUSTAINED.

### II. ANALYSIS

Defendant object's to the following jury instruction proposed by Plaintiff:

If you decide Plaintiff has suffered damages, you should determine when those damages began, and interest from them to January 27, 2005 when Nartron's Complaint was filed at the rate of __% per year (or, "at a rate of interest per year that you decide is appropriate").

Defendant argues that this instruction is improper because the contract between the parties involves a sale of goods and is therefore governed by Article 2 of the Uniform Commercial Code ("UCC").

Though Michigan law permits the awarding of interest as an element of damages, such damages may not be awarded to a seller (such as Plaintiff) in a contract governed by the UCC.  *See Gordon Sell-*

*Way, Inc. v. Spence Brothers, Inc.*, 438 Mich. 488 (1991); *see Firwood Manufacturing Co. v. General Tire, Inc.*, 96 F.3d 163 (6th Cir. 1996).

Plaintiff responds by arguing that Michigan common law, and not the UCC, applies because the contract was for "services" and not "goods" and that under Michigan common-law, interest damages are appropriate. The Court agrees with Plaintiff's statement of Michigan common-law, but disagrees that the contract was for "services" and accordingly finds that the UCC applies.

Article 2 of the UCC applies to sales of "goods." MCL 440.2102. Where services and goods are both involved, the contract is subject to the UCC where the contract "is primarily for the sale of goods, with services being incidentally involved." 21 MICH. CIV. JUR. SALES § 1; *see also Wells v. 10-X Mfg. Co.*, 609 F.2d 248, 254 (6th Cir. 1979). Paragraph 1 of the Long-Term Agreement between Nartron and Tuthill states:

> Subject to the terms of this agreement, the Seller agrees to sell, and the Buyer agrees to purchase one hundred percent (100%) of the Buyer's production and service requirements for the products specifically covered by this agreement as indicated by attachment A ("Product").

Pursuant to this language, the Court finds that the contract was primarily a contract for "goods,"and that any services performed under the contract were incidental to the sale of goods under the contract. Accordingly, the Court will sustain Defendant's Objection to Plaintiff's proposed interest instruction and the Court will not give this instruction to the jury.

## III. CONCLUSION

For the above reasons, the Court SUSTAINS Defendant's Objection to Plaintiff's proposed interest instruction.  The Court will not give this instruction to the jury.

IT IS SO ORDERED.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 27, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 27, 2006.


s/Marie E. Verlinde
Case Manager
(810) 984-3290

3